IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LYNWOOD C. TAYLOR, | : |
| Petitioner, | : |
| v. | : Civ. A. No. 20-1494-CFC |
| STATE OF DELAWARE, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM

### I. BACKGROUND

In December 2007, a Delaware Superior Court jury found Petitioner guilty of six counts of first degree rape, one count of continuous sexual abuse of a child, and one count of endangering the welfare of a child. The Superior Court sentenced Petitioner to 115 years of Level V incarceration, the minimum mandatory term of incarceration for his convictions. The Delaware Supreme Court affirmed Petitioner's convictions and sentence on direct appeal. See *Taylor v. State*, 982 A.2d 279 (Del. 2008).

In June 2009, Petitioner filed a motion for a new trial alleging the victim had recanted her trial testimony. The Superior Court held an evidentiary hearing on the matter and subsequently denied the motion. Petitioner did not appeal. In December 2009, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on appeal. See *Taylor v. State*, 2011 WL 721517 (Del. Mar. 1, 2011).

In July 2012, Petitioner filed in this Court a habeas petition asserting eight grounds for relief: 1) the victim's trial testimony contained inconsistencies; 2) there was insufficient evidence to support his convictions; 3) there was a discovery violation when the State disclosed a second diary maintained by the victim on the day trial began; 4) a letter the victim sent to him after the trial constituted new evidence supporting his actual innocence, not simply impeachment evidence; 5) his right to a fair and speedy trial was violated because eight months elapsed between his arrest and his trial; 6) his *Miranda* rights were violated because the police officer did not read the *Miranda* warning upon arrest; 7) his right to effective assistance of counsel was violated when his trial counsel did not raise a *Miranda* violation claim; and 8) his right to effective assistance of counsel was violated when his trial counsel: a) failed to raise lack of sufficiency of the evidence; b) failed to introduce as evidence Petitioner's own diary; c) failed to prepare for trial "when [Petitioner] was not allowed to go to work or church;" and d) kept changing the questions he was going to ask Petitioner at trial. (*See* D.I. 1 in *Taylor v. Johnson*, Civ. A. No. 12-1010-GMS) On August 25, 2015, the Honorable Gregory M. Sleet dismissed the petition as time-barred. (*See* D.I. 21; D.I. 22 in *Taylor v. Johnson*, Civ. A. No. 12-1010-GMS)

On June 20, 2019, Taylor filed a second Rule 61 motion in the Superior Court, asserting several claims based on "new evidence." The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision in October or November 2019. (D.I. 3 at 6, 8)

2

Presently pending before the Court is Petitioner's new petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3)

## II. LEGAL STANDARDS

A district court may summarily dismiss a petition for a writ of habeas corpus without ordering a responsive pleading "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254; *see also Mayle v. Felix*, 545 U.S. 644, 656 (2005). Federal habeas relief under 28 U.S.C. § 2254 is only available to a petitioner who demonstrates that his custody under a state court judgment violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In turn, pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. §2254. A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran,* 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the

district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III. DISCUSSION

The instant Petition asserts ten overlapping grounds for relief based on "new evidence" of Petitioner's actual innocence. (D.I. 3 at 3-23) The ten grounds can be distilled to following five "new evidence" arguments: (1) Petitioner's convictions for six counts of rape were inconsistent with the victim's trial testimony; (2) a juror was prejudiced against him due to the trial judge's admonishment of the juror's employer; (3) trial counsel should have questioned the victim about the identifying marks on Petitioner's body; (4) a journal that was admitted into evidence showed evidence of a conspiracy between the victim and Petitioner's ex-wife to frame Petitioner for rape; and (5) the State dropped charges against another defendant in a similar "he-said, she-said" rape case." (D.I. 1)

A review of the Petition reveals that it is a second or successive habeas application within the meaning of 28 U.S.C. § 2244. First, the Petition challenges the same 2007 convictions that Petitioner challenged in his first federal habeas proceeding. Second, the dismissal of Petitioner's first habeas petition as time-barred constitutes an adjudication on the merits for § 2244 purposes. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir.2005) (holding that dismissal of § 2254 petition as time barred constitutes adjudication on merits for successive purposes); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir.2003) (holding that "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring

4

consideration of the petitioner's substantive claims"). Third, although Petitioner characterizes the arguments in his instant Petition as "new evidence," he either did, or could have, asserted all but the argument based on another he-said she-said scenario in his first petition. Moreover, to the extent Petitioner's allegations regarding the "new evidence" actually constitute "new evidence", such evidence must be presented to the Third Circuit for a determination as to whether the "new evidence" is sufficient to avoid the second/successive bar.

Petitioner does not assert, and nothing in the record indicates, that the Third Circuit Court of Appeals authorized the filing of the instant second or successive habeas Petition. The Court finds that it is not in the interest of justice to transfer this case to the Third Circuit, because the Petition does not come close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Given these circumstances, the Court will dismiss the Petition for lack of jurisdiction because it constitutes an unauthorized second or successive petition.

## IV.     CONCLUSION

Based on the foregoing, the Court concludes that the instant Petition constitutes an unauthorized second or successive request for habeas relief. Therefore, the Court will summarily dismiss the Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); 3d Cir.

5

L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: March 7, 2022

                                             Colm F. Connolly
                                             Chief Judge